## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**VERSACE ALAN SCOTT**                                                            **PLAINTIFF**

v.                                                         **CIVIL ACTION NO. 1:24-CV-P9-CRS**

**A. VARGEZ et al.**                                                           **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Versace Alan Scott, a pretrial detainee proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff's claims will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff sues three Russellville Police Officers, A. Vargez, Jordan Rodriguez, and J. Kennedy, as well as Emily Proctor with the "Russellville 911 Dispatch." He alleges that on August 19, 2023, he was kidnapped by the Logan County Sheriff Department, booked on fake charges, put in "a restraint chair and sliced up with a Smith and Wesson tactical knive to the bone 7 times. Leading up to this kidnapping I tried to report this to the 3 Russellville Police Department officers a few hours before it happened." He alleges that Defendants Vargez, Rodriguez, and Kennedy "run me out of the Sheriff Department and Emily Proctor hung up on me when I called 911 [three] times." He further alleges that Defendant Rodriguez "run me out the dispatch center . . . and refused to get me the sheriff to let him know what was about to happen to me."

According to Plaintiff, Defendants' "negligence led to me being kidnapped by the Sherriff Department and attempted my murder for the second time." He also states that he is "suing for

attempted murder conspiracy to commit murder covering up after the fact and wrongful imprisonment."

Plaintiff requests compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff alleges that he tried to report his kidnapping to Defendants Vargez, Rodriguez, and Kennedy "a few hours before it happened," but they "run me out of the Sheriff Department"

2

and that Defendant Proctor hung up on him when he called 911 three times. He asserts that Defendants' negligence led to his being kidnapped by the Sheriff Department and his attempted murder by being "sliced up with a Smith and Wesson tactical knive to the bone 7 times."[1]

"Mere negligence does not rise to the level of a constitutional violation." *Baker-Schneider v. Napoleon*, 769 F. App'x 189, 192 (6th Cir. 2019); *see also Taylor v. St. Louis Corr. Facility*, No. 2:21-CV-10706, 2021 WL 4710760, at *2 (E.D. Mich. Oct. 8, 2021) ("It is well-settled that negligent conduct does not rise to the level of a constitutional violation under § 1983.") (citing *Collins v. City of Harker Hghts.*, 503 U.S. 115 (1992); *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Colvin v. Caruso*, 605 F.3d 282, 293-94 (6th Cir. 2010)). Consequently, the Court will dismiss Plaintiff's claim of negligence as frivolous. *See Hill v. Hickman*, 165 F.3d 27 (6th Cir. 1998) (affirming dismissal as frivolous because the complaint, which asserted only negligence, did not rise to the level of a constitutional violation).

Plaintiff also asserts that he is "suing for attempted murder conspiracy to commit murder covering up after the fact." A plaintiff must plead a conspiracy with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one). Plaintiff fails to support his conclusory claim with facts to indicate any conspiracy existed. Instead, he merely asserts a bare allegation of conspiracy. Plaintiff, thus, fails to state a conspiracy claim upon which relief may be granted

---

[1] Plaintiff does not explain how he was able to predict the Logan County Sheriff Department's action a few hours before it occurred. The Court notes that Plaintiff brought a suit referencing being "cut with a knive 7 times to the bone" in *Scott v. Att'y Gen. Off.*, No. 1:23-CV-P185-JHM, 2024 WL 1609377, at *1 (W.D. Ky. Apr. 12, 2024). The Court dismissed that case "as frivolous because Plaintiff's claim that local law enforcement hijacked his brain and that he has been mentally abused because of a 'Bluetooth fly' in his ear for three years is fantastic or delusional." *Id.* at *2. The Court also notes that Plaintiff has filed at least 29 cases in this Court in the last six months, most, if not all, involving either allegations of being cut "to the bone" in an alleged second murder attempt or what he refers to as a first murder attempt a year earlier.

against Defendants. *See Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 368 (6th Cir. 2012) ("[C]onspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim.") (internal quotation marks omitted).

Additionally, Plaintiff "cannot succeed on a conspiracy claim because there was no underlying constitutional violation that injured [him]." *Wiley v. Oberlin Police Dep't*, 330 F. App'x 524, 530 (6th Cir. 2009) (citing *Bauss v. Plymouth Twp.*, 233 F. App'x 490, 500 (6th Cir. 2007) (citing *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)); *see also Song v. Parker*, No. 22-5199, 2023 WL 7103180, at *5 (6th Cir. Mar. 8, 2023) ("[B]ecause Song's underlying constitutional claims failed, his conspiracy claim also failed.").

As for Plaintiff's claim of wrongful imprisonment, he does not allege that any of the named Defendants arrested or imprisoned him. This claim also will be dismissed for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: April 18, 2024

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
      Defendants
4411.009

4